BENJAMIN SMITH and EBENEZER WILSON, Executors of
SETH BIRD, deceased, *against* DAN BEACH.

**MOTION** for a new trial.

A corrupt a-
greement, in
which the
minds of the
parties meet,
is necessary to
constitute u-
sury. There-
fore, where
more than
lawful interest
was reser-
ved with the
knowledge of
the lender,
but without
the knowledge
of the bor-
rower, it was
held, that the
transaction
was not usu-
rious.

This was an action on a promissory note, executed
by the defendant, to *Seth Bird*, the plaintiffs' testator.

The defendant pleaded usury, alleging, in the usual
form, a corrupt agreement.

On the trial, it appeared, that more than lawful inte-
rest was reserved in the note; but that the defendant did
not know of such reservation, until some time after the
note was executed, and delivered. The plaintiffs contended
that, under these circumstances, the note was not usuri-
ous.    But the court directed the jury, that if they found
that *Bird*, the payee, knew of the illegal reservation,
at the time of the execution and delivery, they must
find the issue in favour of the defendant.

The jury found a verdict for the defendant accordingly;
whereupon the plaintiffs moved for a new trial, which
motion was reserved for the opinion of the nine judges.

*Gould*, in support of the motion.    The statute, upon
which the defendant's plea is founded, declares, that all
securities made for the payment of money lent *upon or
for usury*, whereby there shall be reserved above the
rate of six dollars in the hundred, shall be void.(*a*)    To
bring this case within the statute, it must be shown, that
there was *a loan upon usury*, as well as a reservation
of more than six *per cent.*    What is the precise mean-

(*a*) *Stat. Conn.* tit. 170. s. 2.

ing of the term *usury* the statute does not point out, June, 1808.
but leaves it to be defined by the common law. This al-
ways speaks of usury as implying *a contract.* 2 *Bla. Com.*
454. 4 *Bla. Com.* 156. 5 *Bac. Abr.* 405. But a contract
always supposes a mutual consent of the parties. In
this case, the defendant did not, and could not, consent
to the unlawful reservation, as he did not know that
such reservation was made. To show, that the *payee*
had knowledge of it, may conduce to show, that he
acted *fraudulently* in the transaction; and such fraud
may be a proper ground of relief in a court of chan-
cery.

SMITH
v.
BEACH.

If more than legal interest had been reserved *by
mistake*, it clearly would not be usurious. This point
has been settled by repeated decisions. *Nevison* v.
*Whitley*, Cro. Car. 501. *Booth* v. *Cook*, *Freem.* 264. *pl.*
286. *Bush* v. *Buckingham*, 2 *Vent.* 83. But why has
this class of cases been held not to be within the statutes
against usury? Because *a corrupt agreement* was wanting.

So long as there was no corrupt agreement between
the parties, the knowledge of the payee, or his private
intentions, can have no effect in this case.

There must be the same corrupt agreement to con-
stitute a usurious reservation as a usurious taking. But
if one were to take more than lawful interest *by force*,
it will not be contended, that he would thereby sub-
ject himself to the penalties of usury.

It is essential to the substance of the plea, that it
allege *quod corrupte agreatum fuit.* Com. Dig. tit. *Plea-
der,* (2 *W.* 23.) *Nevison* v. *Whitley*, Cro. Car. 501. This
form of the plea may be seen in *Lilly's Ent.* 183, 184.
*Clift.* 183. 185. *Lib. Plac.* 146. *pl.* 71. *Id.* 156. *pl.* 99.

But there is one consideration, which must be decisive. The issue in this case is, that it was *corruptly agreed, &c.* This issue could not be found for the defendant, upon the facts stated. The direction of the court to the jury, therefore, was erroneous.

*A. Smith,* contra.

The object of the statute, as appears from the very title, was to restrain excessive usury. The first section prohibits the taking of more than six *per cent. per annum* for giving day of payment. By the second section, securities, in which is included more than at the rate of six *per cent.* are declared to be void. Such is the security in this case. Here was a loan, a giving day of payment, and a reservation of more than lawful interest. What more was necessary to bring the case within the statute? It is claimed by the plaintiffs' counsel, that the defendant ought to have *known* that more than lawful interest was reserved. But it is to be remembered, that he was the *borrower*, and that the statute was made for his benefit and protection, and was designed to operate exclusively against the lender. If, out of regard to the borrower, the statute would render void a security given by him understandingly and voluntarily for the payment of unlawful interest, there can be no reason why a similar security, given ignorantly and undesignedly, should not be equally void. As to the lender, no favour ought to be shown towards him, on account of the borrower's ignorance. If he understood the nature of the transaction, it is sufficient at least *as against him.*

The case of *Bush* v. *Buckingham*, read by the plaintiffs' counsel, is not applicable to the present question. There the plaintiff did not know of the unlawful reservation. It was not made by his consent.

It is said, there must be a corrupt agreement. By this, however, we are not to understand, an agreement which is in itself immoral, or corrupt *in foro conscientiæ.* It is in contemplation of law corrupt, when the statute is violated. It was proper for the court to leave it to the jury to decide, whether the reservation, which was admitted to be above the legal interest, was made with the knowledge and consent of the plaintiffs' testator; and if it was, it follows that it was by a corrupt agreement.

BY THE COURT, unanimously. A corrupt agreement is essential to constitute usury; and to form a corrupt agreement, as in all other contracts, the minds of the parties must meet. The assent of *Beach* was, therefore, as essential to the existence of a usurious agreement as that of *Bird.*

From these premises it follows, as an undeniable consequence, that there could be no corrupt agreement while either of the parties remained ignorant of the excessive reservation; and the jury ought to have been so instructed.

New trial to be granted.