## HINE *against* HANDY.

A creditor is not allowed to make it a *condition* of a loan, that he shall receive a *compensation for his services* in procuring the money: and if the amount of such compensation is included in the security given for the loan, the court will, on the debtor's paying into court the amount reported to be due by a master, after deducting the sum charged for such services, grant an injunction to stay any proceedings on the mortgage.

BILL for an injunction to stay the sale on two mortgages, under a power of sale contained in them. The plaintiff deposited with the register the amount which he admitted to be due. The bill charged *usury*, but which was denied in the answer. It appeared, from the answer, that the plaintiff had agreed to pay the defendant for his trouble and expenses, in going from *Oneida* county to *Schoharie*, to procure the money loaned; and that the amount of this compensation was liquidated, and agreed to by the parties, at 15 dollars, which sum, with 4 dollars and 25 cents for the trouble of the defendant in going to *Utica* to see the writings executed, was included in the first bond and mortgage The expense of the writings was also included. And in the second bond and mortgage, a similar charge of 1 dollar and 25 cents, for the trouble of the defendant, was included.

THE CHANCELLOR. The bill charges usury in the bonds and mortgages, and the charge is denied in the answer, and the consideration of the bonds and mortgages fully set forth.

'The proof exhibited by the plaintiff is not sufficient to countervail the answer.

The only question is, whether the court ought to permit the charge of 19 dollars and 25 cents, included in the first bond, for time and expenses of the defendant in procuring the money, to stand. And the same point arises as to the 1 dollar and 25 cents included in the second bond.

This court is always jealous of collateral demands and advantages claimed by a creditor, as a *condition* of the loan of money. They have a tendency to usury and oppression. On this ground it is, that a mortgagee cannot *originally* stipulate for a collateral advantage, as that the interest, if not paid at the end of the year, shall be converted into principal, or that the mortgagee shall be a receiver of the rents and profits, with a commission. (*Chambers* v. *Goldwin*, 9 *Vesey*, jun. 271. *Scott* v. *Brest*, 2 *Term Rep.* 238.) The actual expenses of the writings ought to be paid. But to allow the creditor to make it a *condition* of the loan, that he shall receive a *compensation for his services*, in procuring the money, and to include that compensation in the security, is against sound principle, and tends, most manifestly, to oppression and usury, if it is not usury in itself.

The amount of the sum here charged is of no moment; but the principle involved is important. I shall, therefore, decree, that it be referred to a master to ascertain the amount of the bonds, after deducting 19 dollars and 25 cents from the original sum in the condition of the first bond, and 1 dollar and 25 cents from the original sum in the condition of the second bond; and that, on the plaintiff's paying into court sufficient to make up the amount in addition to the sum already deposited, an injunction issue.

*September* 3, 1814. Afterwards, on the coming in of the master's report, a question was raised as to the *costs*; and

The *costs* of the defendant were, however, ordered to be paid by the plaintiff, in the bill filed for the injunction.

1814.   his honour *Ordered*, that the plaintiff pay to the de-
CAINES   fendant his costs, to be taxed, together with the amount
v.      reported by the master to be due to the defendant.
FISHER.