ACTION of debt qui tam under the statute against usury to recover the sum of $5,500, forfeited on a loan of that amount by the defendant to one John S. Kersey, at a usurious rate of interest. It appeared by the evidence that Kersey who was much embarrassed and desirous of borrowing $8000, applied in the fall of 1862, to Mr. David T. Rickards to obtain a loan for him to that amount, who soon after made application to Mr. William McCaulley for that purpose, who replied that he would procure it for him if he possibly could; and that some months elapsed before it could be done. In the meanwhile Rickards had referred Kersey to McCaulley, and he had called frequently to see him on the subject. He had agreed to pay Rickards at the rate of one per cent. on the amount of the loan when obtained for him, and afterward to pay McCaulley six per cent. upon it when obtained, and Rickards was to be paid by McCaulley one per cent. of his commissions at the rate of six per cent. Kersey requested McCaulley to procure *Page 316 
the amount in two separate loans for him, one in $5500 and the other in $2500, and who had in the meantime applied to several persons to lend Kersey the amount he desired before he applied to the defendant for it who then resided in Pennsylvania, and who upon his application consented to furnish it on the security of good judgment bonds and mortgages to be approved by McCaulley, the same to be the first liens on the property to be, mortgaged, and which amount he afterward let him have for the purpose on the 25th of March 1863. But the latter was then obliged to procure in addition to it, $3000 from another source to clear him of his indebtedness making $11,000 in all raised for him; and for which Kersey agreed to pay him a commission at the rate of six per cent. for his trouble and services in obtaining the loans for him. The defendant, however, advanced and loaned the amount supplied by him, at six per cent. interest, and never had any interview or communication with Kersey on the subject; on the contrary, the whole business of procuring the money from the defendant, and of ascertaining the liens and incumbrances against him, and his title to, and the value and sufficiency of his lands as security by way of bond and mortgage for the loan, had all been attended to and transacted solely by McCaulley; nor was the defendant aware that he was to receive any commission or compensation whatever from Kersey for procuring the loans for him; and, furthermore, that the defendant never received any thing from him, or was to be paid anything by him for or on account of the money so furnished for the purpose, and had no ether consideration for it than the six per cent. interest which he was to be paid upon it when it was so loaned, execept that after it had been placed in McCaulley's hands for the purpose. Kersey had been obliged more than once to apply to him to retain it, until he could have certain judgments still open on the record against him as a surety merely for others, satisfied and discharged, which was attended with much unavoidable delay and in consideration of which he voluntarily offered to pay and had paid interest on the *Page 317 
money at the rate of six per cent. during that delay. McCaulley acted simply as the agent of Kersey in the business, for the transaction of which he received from him according to their agreement, a commission of six per cent. on the money procured for him and paid one per cent. of it to Rickards for his services in relation to it.
The amount of $5500, less the six per cent. retained by McCaulley for his commissions thereon, was afterward received by Kersey and the bond and mortgage to secure the payment of it with six per cent. interest, were made and executed by Kersey to Rickards, and were by him assigned to the defendant; and on which the interest at that rate from year to year was paid to the defendant up to the 25th of March 1870, when the principal of the same was also paid in full to him.
Reed, for the plaintiff. Notwithstanding the very full and specific statement which had been made by Mr. McCaulley as to the facts of the case and the nature of the transaction, he apprehended that it would be difficult to satisfy the jury that the defendant would allow even a friend such as he was, to assume the agency of loaning his money to a needy man in this State, and without assuming any individual risk or liability whatever on account of it, to make out of his agency just the same profit on the loan, as he himself was to realize from it; for he must have known, as a matter of reasonable and irresisible inference, at least, that Mr. McCaulley was not undertaking such a business as his agent, or the agent of anybody else in it, without any compensation whatever on his part. It appeared, however, from his own statement, that he was to have six per cent. of the sum simply for negotiating and transacting the loan, and that too was to be paid in advance, or retained out of the loan itself as soon as it was made, while the defendant was to receive interest at the same rate to be paid after one year from the date of it. It would be for the jury to say whether such a thing was probable, credible or possible. If not, *Page 318 
then he should contend that any corrupt agreement by shift or device to secure or obtain on a loan of money a greater rate of interest than the statute allows, is usury. Ch. on Contr. 708. Add. on Contr. 126. Hinevs. Handy, 1 Johns. 6. Harris vs. Boston, 2 Camp. 348. Lloyd vs. Scott, 4 Pet. 205. Moncure vs. Desmott, 13 Pet. 345. And the payment and receipt of unlawful interest by whatever shift or device reserved, isprima facie evidence of such a corrupt agreement. 2 Cow. 678. 1 R. Isl.
151. 1 Root 338. 3 Day 268. 3 Har. Johns. 109. 2 B. P. 381. 3 B. P. 343. Doug. 735. Ch. on Contr. 710. Whether it is a usurious contract in this, or any other case, depends on the design and intention of the parties to it, and when more than legal interest has been taken, the jury must find the intention so to take it. 7 Gill Johns. 44. 1 East
195. 3 Met. 211. 1 Taunt. 571. Bank of U. S. vs. Waggner, 9 Pet. 378. And the lender, the agent of the lender, or the lender and his agent together, cannot take over six per cent. without violating the law, for no shift, artifice, or contrivance, however ingeniously devised for the purpose of evading the prohibition of the statute, or disguising the corrupt character and true object of it, can escape the penalty and consequences of usury. Cranston vs. Nields, 5 Harr. 372. Gardner vs.Daniel, 2 Houst. 300. Owen vs. Barlow, 1 New Rep. 101. Dagnall vs.Wigley, 11 East 43. Andrews vs. Reed, 13 Pet. 65. Hine vs. Handy, 1 Johns. Ch. Rep. 6.
Massey, (Comegys with him) for the defendant, confined the argument for the defence to the evidence in the case, and contended that there was, not only no proof that the defendant was a party to any corrupt or usurious contract in the case, or received any more than six per cent. interest on the loan, but the proof on the contrary, was direct and positive that he was not a party or privy to any such contract, and did not receive a cent of interest above the rate limited by law; and in fine, that there was no usurious loan of money in the case at all. *Page 319 
 Reed, replied.
The Court,
That it was a penal action founded on the provision of the statute of usury to recover the sum of $5500. alleged to have been loaned by the defendant to John S. Kersey at a usurious rate of interest, that is to say, at a higher rate of interest than six per centum per annum, and that he has thereby forfeited a sum equal to it, one half for the use of the party suing, and the other half for the use of the State. It was a well settled principle of law that any intentional taking, either directly or indirectly, of interest on a loan of money at a higher rate than the statute allows, is usurious, and subjects the party guilty of it, to the penalty or forfeiture imposed by it. To entitle the plaintiff to recover, however, the jury must be satisfied from the evidence that there was an agreement directly or indirectly brought about, between John S. Kersey and the defendant when the loan of the money was made to him, that he would pay the defendant, directly or indirectly, no matter in what way, or by what contrivance, a higher rate of interest than six per cent. per annum upon it. And if there was any, or sufficient evidence in the case to satisfy them that there was an understanding or agreement between the defendant and, either McCaulley, or Rickards, through whose agency or instrumentality the loan was negotiated and transacted, that he was to share to any extent in, or be paid any part of the commissions or per cent. they, or either of them, were to receive for their services in the business, and the defendant was paid any part of such commissions by them, or either of them, then it would constitute a usurious loan by him to Kersey, and a violation of the provisions of the statute, and their verdict should be in favor of the plaintiff for the amount sued for in the action. But the fact that Kersey agreed with McCaulley after the latter had been furnished with the money by the defendant for him, that he would pay him interest on it from that time, if he would hold *Page 320 
and retain it for him, until he could get certain incumbrances then open on the record against him and his property discharged and satisfied, and which McCaulley assented to and did at his special instance and repeated requests, would not impair or affect the validity or legality of the loan, or taint it with usury, if Kersey in pursuance of that agreement did pay interest at the rate of six per cent. per annum upon it, and no more, from that time. For it was but a reasonable, fair and legitimate understanding and agreement between them under such circumstances. If, however, the jury were not satisfied from the evidence that there was some such agreement or understanding between the defendant and McCaulley, and Rickards, or either of them, as before suggested, and that the defendant was paid some part of the commissions received by them, or either of them, then their verdict should be for the defendant.
 The defendant had a verdict.