ANDERSON *v.* SMITH.

1. USURY—FORECLOSURE OF MORTGAGE—PLEADING.

Where a contract sought to be foreclosed as a mortgage shows upon its face that it is usurious, that defense is sufficiently pleaded by an averment in the answer "that the claim of the complainant is usurious, and that the contract provides for a bonus in the nature of a usurious rate of interest," although it is further averred that, by reason thereof, the complainant is not entitled to recover any interest upon the amount advanced under the terms of said contract, while in truth, under the statute in force when the contract was

made, only the excess over the lawful rate of interest was
forfeited.

2. SAME—COMPENSATION FOR SERVICES.

A judgment debtor, whose interest in certain property
had been levied upon, assigned his interest to a trustee, under
an agreement that the latter should purchase the property at
the execution sale with money to be furnished in part by the
assignor and in part by third parties, and, after acquiring the
legal title, should reconvey to the assignor upon payment of
the sum of $2,000, together with the amount invested by such
third parties, and the expenses by them incurred, with inter-
est thereon, and such sum for their services, "rendered after
the purchase," as should be fixed by the trustee. It was
further provided that, in case a purchase should not be made,
the third parties should receive $150 for their services. _Held_,
in a suit brought to foreclose the contract as a mortgage,
that the provision for the payment of $2,000, to the extent
that it exceeded the established value of the services rendered
prior to the purchase, was usurious.

3. MORTGAGE FORECLOSURE—SUSPENSION OF INTEREST.

Prior to commencing a suit to foreclose a contract as a
mortgage, the complainant, claiming to own the premises in
question, had instituted summary proceedings to recover
possession, but was defeated, the court holding that the rela-
tion of the parties was that of mortgagor and mortgagee.
_Held_, that the defendant in the foreclosure suit, not having
tendered the amount due, was not entitled to a suspension of
interest during the pendency of the former suit.

4. SAME—ORDER OF SALE.

Upon the foreclosure of a mortgage covering an hotel
and the furniture used therein, the court may direct that the
personal property be sold separate and apart from the realty.

Appeal from Chippewa; Steere, J. Submitted Decem-
ber 4, 1895. Decided December 30, 1895.

Bill by George Anderson, trustee, Levi L. Barbour,
Dwight C. Rexford, and Henry T. Phillips, against Wil-
liam S. Smith and wife, to foreclose, as a mortgage, the
contract set forth in _Anderson_ v. _Smith_, 103 Mich. 446.
From a decree for complainants, defendants appeal. De-
cree modified and affirmed.

*George A. Cady* (*Barbour & Rexford*, of counsel), for complainants:

Under the statute in force at the date of the agreement, interest was always recoverable on a usurious contract up to the highest legal rate not prohibited, if the contract so provided (1 How. Stat. § 1595; *Smith* v. *Stoddard*, 10 Mich. 148); and a contract to pay interest, if legal when made, will be enforced, notwithstanding a change in the statute reducing the rate of interest (*Richardson* v. *Campbell*, 34 Neb. 181). Therefore, under the pleadings, the claim of usury is not available, the only allegation with reference thereto being to the point that no interest can be recovered. Furthermore, it is essential to a plea of usury that it state the facts which are claimed to render the transaction usurious. *Rainbolt* v. *Strang*, 39 Neb. 339; *Bell* v. *Stowe*, 44 Neb. 210; *Trammell* v. *Woolfolk*, 68 Ga. 628; *Woodall* v. *Kelly*, 85 Ala. 368; *Moses* v. *Building & Loan Ass'n*, 100 Ala. 465; *Mosier* v. *Norton*, 83 Ill. 519; *Matthiessen* v. *Kohlsaat*, 15 N. Y.. Supp. 836; 27 Am. & Eng. Enc. Law, 1041, 1044.

To constitute usury, it must be clearly established that there existed an intention to take usurious interest. *Orr* v. *Lacey*, 2 Doug. 230, 252; *Case* v. *Fish*, 58 Wis. 56; *Myers* v. *Williams*, 85 Va. 621, and cases cited.

Where usury is alleged as a defense to an obligation to pay money, the presumption is against the violation of the law, and in favor of the innocence of the party charged, and the usury must be established by clear and satisfactory evidence. *Eldridge* v. *Reed*, 2 Sweeny, 155; *White* v. *Benjamin*, 138 N. Y. 623; *Van Beil* v. *Fordney*, 79 Ala. 76; *Morris* v. *Taylor*, 22 N. J. Eq. 438; *Security Co.* v. *Baxley*, 44 S. C. 81; 27 Am. & Eng. Enc. Law, 1045.

If a promise to pay a sum in excess of legal interest is dependent upon an uncertain contingency, the contract is not usurious. *Truby* v. *Mosgrove*, 118 Pa. St. 89; *Spain* v. *Hamilton*, 1 Wall. 604.

Upon the facts in this case, the item of $2,000 was properly allowed as compensation for services rendered. *Case* v. *Fish*, 58 Wis. 56; *Bridges* v. *Sheldon*, 18 Blatchf. 507; *Hutchinson* v. *Hosmer*, 2 Conn. 341; *Smith* v. *Wolf*, 55 Iowa, 555.

*Horace M. Oren* (*John W. Shine*, of counsel), for defendants:

All of the property covered by the mortgage should be sold together. 2 Jones, Mortg. § 1618; *Hill* v. *Bank*, 97 U. S. 450.

There should be a suspension of interest during the time complainants were carrying on the prior litigation (*Goodspeed* v. *Dean*, 12 Mich. 352; *Lumber Co.* v. *Bates*, 31 Mich. 158; *McQueen* v. *Gamble*, 33 Mich. 344; *Jones* v. *Shaw*, 56 Mich. 332; *Toms* v. *Boyes*, 59 Mich. 386), a tender of the amount due being unnecessary under the circumstances (*Moore* v. *Smith*, 95 Mich. 71; *Soell* v. *Hadden*, 85 Tex. 182; 25 Am. & Eng. Enc. Law, 899, and cases cited; *Baumann* v. *Pinckney*, 118 N. Y. 604).

If, under our statute, usury must be specially pleaded in any case (which is doubtful), it is unnecessary when the contract shows upon its face that it is usurious. *International, etc., Ass'n* v. *Biering*, 86 Tex. 476; *Krause* v. *Pope*, 78 Tex. 478; *Stockham* v. *Munson*, 28 Ill. 51.

While a fair and reasonable charge made by the lender for services actually rendered or expenses incurred in connection with the loan does not render it usurious, a very strict degree of proof is required as to the reasonableness of such charges and the *bona fides* of the lender, where a claim of usury is set up. 27 Am. & Eng. Enc. Law, 1013, 1014.

Any sum exacted as compensation for the use of money, in excess of the legal rate of interest, is usury, no matter by what name it may be called. *Caruthers* v. *Humphrey*, 12 Mich. 270; *Phelps* v. *Montgomery*, 60 Minn. 303; *Ferguson* v. *Sutphen*, 8 Ill. 547; *Meaker* v. *Fiero*, 28 N. Y. Supp. 469; 27 Am. & Eng. Enc. Law, 922; *Buttrick* v. *Harris*, 1 Biss. 442.

The borrower in a usurious contract, under our statute, has no other remedy than the abatement provided by the statute. *Craig* v. *Butler*, 9 Mich. 21. And unlawful interest, even if paid, will be abated in a suit on the same contract under which it was exacted. *Smith* v. *Stoddard*, 10 Mich. 148, 151.

MONTGOMERY, J. This is a suit to foreclose, as a mortgage, a contract which was considered in *Anderson* v. *Smith*, 103 Mich. 446. The terms of the contract are there set out at length. The most important question on this appeal is whether the item of $2,000 stipulated to

be paid by Smith is usurious. The agreement, so far as it relates to this item, is as follows:

"That said first parties hereby agree, in consideration thereof, to pay said Andrew McLellan, trustee as aforesaid, the sum of $2,000, and, in addition thereto, the sum or sums said second and third parties shall have at any time invested in said property, and all expenses and sums of money whatever they may have at any time been put to or expended or laid out, in any way whatsoever, in connection with the said purchase and said property and any business arising therefrom, and such sum or sums as their services, rendered after such purchase, shall, in the opinion of said trustee, respectively be reasonably worth."

It was determined in the former case between these parties that the transaction in question amounted to an advance or loan of money, and that the complainants Barbour, Rexford, and Phillips occupied the position of mortgagees. This must be taken as settled.

It was contended by the complainants that the defense of usury was not sufficiently pleaded. The answer did state "that the claim of said complainants is usurious, and that the instrument known as 'Exhibit B' provides for a bonus in the nature of a usurious rate of interest, and that by reason thereof said complainants are not entitled to recover against said defendants any interest upon the amount advanced under the terms of said Exhibit B." It is true, this deduction as to the legal effect of usury is incorrect, as, under the statute in force when this contract was made (1 How. Stat. § 1595), the effect of providing for the payment of usury was only to forfeit the excess over the lawful rate of interest. The statement of facts was, we think, sufficient, inasmuch as the alleged usury appeared on the face of the paper itself. *International, etc., Ass'n* v. *Biering*, 86 Tex. 476; *Stockham* v. *Munson*, 28 Ill. 51.

It is also contended that there was no intention to exact usury; that the parties intended to engage in a joint venture in purchasing property, for a profit to be derived by them severally. But the legal effect of the transaction

was an advance to the Smiths of a sum of money by Barbour, Rexford, and Phillips, at interest. This was determined by the former decision. The agreement did not provide for a sale of the property on joint account, but for the repayment of advances by Smith Bros.

It is also contended that the item of $2,000 may be treated as an agreed compensation for contemplated and necessary services, which were actually rendered. But it will be noticed that this is not stated in the agreement to be compensation for services. It does not include expenses, as these are further provided for; nor does it include services rendered after purchase, as these are also provided for, and to be compensated for in such sum as is deemed reasonable by the trustee. The only services, then, which could have been covered by this agreement, are those preceding the purchase of the property; and it is significant that the contract provided that, in case the purchase was not made, these should be paid for at the price of $150. There is no evidence in the record that the services were worth $2,000, and the inference, from the contract itself, is justified, that they were not worth that amount. We think that there is no escape from holding that this provision of the contract is usurious, to the extent that it exceeds the established value of the services; and, as the only tangible proof of value fixes the sum at $150, we think this item should be reduced $1,850.

It is further contended by defendants that there should be a suspension of interest during the time the parties were litigating in the other case. We know of no principle which justifies any such holding. Defendants were in fault during all this time. They were at liberty to pay or tender the amount due, and there is no reason why, upon a failure to do so, the stipulated interest should not be allowed.

Nor do we think the decree should be modified in respect to the sale of the property. The decree provided that the personal property should be sold separate and apart from the realty. While the sales may be made at one and the

same time, we see no reason to disturb the order that they must be made separately.

Complainants ask to have a further allowance of interest on another item which was disallowed in the court below, but, as they have not appealed, the question is not before us.

The decree will be modified by striking out the usurious item, and interest thereon, and defendants will be entitled to recover costs in this court.

The other Justices concurred.