ROSEN *v.* ROSEN.

1. USURY—CONTRACTS—SALES—INTEREST.
    Every written agreement to pay interest in excess of the legal
    rate, however well disguised, is in violation of law and usu-
    rious.

2. SAME.
    A contract by which one partner agrees to purchase the in-
    terest of another and to pay him an amount computable
    under the terms of the agreement, and, if payment shall not
    be made in a given time, to pay an additional sum, more than
    seven per cent. of the principal, is void as usurious. Act No.
    207, Pub. Acts 1899, 2 Comp. Laws, § 4856 *et seq.*

Error to Wayne; Murfin, J. Submitted October 14,
1909. (Docket No. 26.) Decided December 10, 1909.

Assumpsit by Louis Rosen against Aaron D. Rosen
upon a contract for the sale of a partnership interest. A
judgment for plaintiff on a verdict directed by the court is
reviewed by defendant on writ of error. Reversed, and
judgment entered for defendant.

*Maybury, Lucking, Emmons & Helfman* (*Walters &
Walters*, of counsel), for appellant.

*Bernard B. Selling*, for appellee.

McALVAY, J. The parties to this suit and Myer S.
Fink, who were copartners conducting a merchandise
business under the firm name of A. D. Rosen & Co., de-
siring to dissolve the copartnership, and the defendant de-
siring to purchase the interests of plaintiff and Mr. Fink
and the good will of the business, entered into a written
agreement on November 16, 1905, which provided in de-
tail the method by which the value of the assets and the
amount of the liabilities should be ascertained, the run-

ning expenses of the business provided for, and the respective shares of the partners computed and determined. By this writing defendant agreed to purchase on January 1, 1906, the interests of the other partners and the good will of the business " at full face value as shown by the books of the firm of A. D. Rosen & Co. on that date, as hereinbefore provided for without any deduction whatsoever." The contract, among other things, provided: That each retiring partner should remain in the store and have access to the books until paid in full. The defendant who purchased was limited as to the amounts he could withdraw from the business and was prohibited from discontinuing the business or incumbering the property. Accounts receivable and collections were to be assigned to Mr. Fink, out of which he was to pay the debts of the old firm, the salaries and expenses of the new business, and then the amount due him as his share. Mr. Fink was to draw a salary of $250 per month to be charged as an expense of defendant's business from January 1, 1906, to May 1, 1906, the date when the payment for his interest was to be made, and until he was paid in full. Plaintiff was " to take charge of the office work of defendant and see the trade " of defendant from January 1, 1906, until he was paid in full, at a salary of $125 per month to be charged as an expense of defendant's business. This contract was a very long one, covering 10 printed pages, containing 27 numbered paragraphs with numerous subdivisions. It is drawn with great care, and counsel on both sides on the trial claimed there was no ambiguity in its terms.

No further statement of the terms of the contract need be made, for the purposes of this case, than to quote the paragraph over which this dispute arises. This is paragraph 11, and reads as follows:

" The said Louis Rosen is not to receive anything except his salary until Myer S. Fink has been paid in full in cash. The said Louis Rosen is to be paid one-half of the amount coming to him under this agreement on or before July 1,

1906, and the remaining one-half by December 31, 1906, together with the sum of $2,000.00 for the use of said Louis Rosen's money during said period; but said Aaron D. Rosen shall have the option of paying said Louis Rosen less than one-half of said interest on July 1, 1906, in which case said Aaron D. Rosen shall pay $4,000.00 on December 31, 1906, for the use of said Louis Rosen's capital."

Plaintiff's interest in this property, as duly ascertained under the terms of the contract, was agreed upon on the trial, and amounted to $15,187, and also that defendant had paid plaintiff prior to July 1, 1906, $5,555.88 and prior to December 31, 1906, a total of $13,782.69, and on January 7, 1907, the sum of $506.75.

Plaintiff, who testified that he was an equal partner, had some dispute with defendant relative to certain items, which he claimed had not been paid, and brought this suit to recover under this contract for such items, and for the sum of $2,000 claimed by him under the terms of paragraph 11 of the contract. During the trial an adjustment was made of all matters in suit except the above claim for $2,000. Defendant with his plea gave notice of payment in full, and that the contract was usurious. The court refused to direct a verdict for defendant on the ground that the contract was usurious, and did direct a verdict for plaintiff for the sum of $2,000, with interest. This is assigned as error by defendant, who, upon review by this court, asks a reversal of the judgment entered against him. There is but one question in the case: Was this contract usurious?

The facts in the case are not in dispute. These parties have reduced their agreement to writing, and it is admitted that there is no ambiguity in the paragraph under consideration. The writing then speaks for itself, and its language must be construed by the court according to the usual and ordinary meaning of the words used. Paragraph 11, after providing that plaintiff is not to receive anything except salary until Mr. Fink has been paid in full in cash, fixes the terms of payment "of the amount

coming to him under this agreement," one-half on or before July 1, 1906, and the remaining one-half on or before December 31, 1906, "together with the sum of $2,000 for the use of said Louis Rosen's money during said period." Defendant is then given "the option of paying said Louis Rosen less than one-half of said interest on July 1, 1906," in which case he "shall pay $4,000.00 on December 31, 1906, for the use of said Louis Rosen's capital." This purchase was consummated January 1, 1906. After that date the business was conducted as defendant's business. The payments to plaintiff were to be made in six months and one year, together with $2,000 "for the use" of his money during that period. We can conceive of no simpler or plainer statement which could possibly be made to indicate that this $2,000 was to be in payment for the use of this money. These words selected with care may be said to be self-construing. Explanation and argument cannot add to, or take from, the clear meaning expressed.

The contention of plaintiff that agreements cannot be held usurious except in cases where the transaction is a loan of money or extension of pre-existing debt, while true under many statutes, does not apply in this State, for the reason that our statute (section 4857, 2 Comp. Laws) is broader and includes any and all contracts and assurances. It reads:

"SEC. 2. No bond, bill, note, contract or assurance, made or given for or upon a consideration or contract, whereby or whereon a greater rate of interest has been, directly or indirectly reserved, taken or received, than is allowed by law, shall be thereby rendered void; but in any action brought by any person on such usurious contract or assurance, * * * if it shall appear that a greater rate of interest has been directly or indirectly reserved, taken or received, than is allowed by law, the defendant shall not be compelled to pay any interest thereon."

The authorities in those States where the statutes like ours include all contracts and assurances are harmonious in holding that every written agreement to pay interest in excess of the legal rate, however well the unlawful inter-

est may be disguised, is in violation of law and usurious. *Cooper* v. *Tappan,* 9 Wis. 361; *Compton* v. *Compton,* 5 La. Ann. 615; *Evans* v. *Negley,* 13 Serg. & R. (Pa.) 218. This contract provides without qualification that this $2,000 was to be paid when the last payment was due for the use of the money during said period. This is the clause which fixes the usurious nature of the agreement.

It cannot be said, as claimed by plaintiff, that the contract fixed two prices, one for cash and the other for a time sale, for the reasons:

(1) That by the terms of the contract defendant agreed to pay the full face value, without any deductions whatsoever, in the manner provided in the contract, which minutely included all the property of every kind, and the share of plaintiff was found to be $15,187; no second or other price being mentioned or contemplated.

(2) That the contract itself, as already stated, characterizes and designates that the $2,000 was to be paid "for the use of the money."

Exactly this question has not previously been before this court. In a case, somewhat similiar (*Anderson* v. *Smith,* 108 Mich. 69 (65 N. W. 615), and same case 103 Mich. 446 (61 N. W. 778), the court held that a stipulation to pay $2,000 in the terms there given was usurious. See, also, *Bullock* v. *Taylor,* 39 Mich. 137 (33 Am Rep. 356); *Green* v. *Grant,* 134 Mich. 462 (96 N. W. 583); *Stack* v. *Cedar Co.,* 151 Mich. 21 (114 N. W. 876, 16 L. R. A. [N. S.] 616).

In our opinion defendant has shown such a defense that, as a matter of law, the court should have directed a verdict in his favor on the ground that the contract was usurious.

The judgment of the circuit court is reversed and set aside, and as the only question is one of law, and a new trial cannot be of any purpose, a judgment will be entered in this court in favor of defendant, with costs of both courts.

Blair, C. J., and Grant, Moore, and Brooke, JJ., concurred.