## GASTA *v.* FARMERS STATE SAVINGS BANK.

1. Mortgages — Foreclosure—Mortgagee Entitled to Interest Notwithstanding Wrongful Foreclosure.

> The fact that defendant wrongfully claimed the tender of interest made by plaintiff was insufficient, declared the principal sum of the mortgage due, and began foreclosure proceedings, would not affect its right to collect the interest provided for in the note secured by the mortgage until it was paid or a legal tender thereof made.

2. Same—Decree Modified on Rehearing to Include Interest.

> Where the decree of the court below (affirmed 218 Mich. 106) erroneously failed to allow defendant interest on the principal sum of the mortgage after the date of tender thereof before it was due, it will be modified, on rehearing, to include interest from said date to date of payment.

Appeal from Bay; Houghton (Samuel G.), J. Submitted February 3, 1922. (Docket No. 39.) Decided March 30, 1922; modified on rehearing October 2, 1922.

Bill by Carl Gasta and another against the Farmers State Savings Bank to enjoin the foreclosure of a mortgage. From a decree for plaintiffs, defendant appeals. Modified and affirmed.

*Collins, Thompson, Otto & McGinnis,* for plaintiffs.
*Kinnane, Black & Leibrand,* for defendant.

PER CURIAM. On rehearing our attention is particularly called to the fact that in the decree rendered in the circuit court and affirmed by this court (218 Mich. 106), the defendant was not allowed interest after December 27, 1918, on the amount ($4,150) at that time found to be due on its mortgage. Counsel for the defendant called attention to this error in

the brief filed on the original hearing, but in some way it was overlooked in our affirmance of the decree.

The mortgage in question was dated March 7, 1916, payable three years after date with interest at the rate of 7% per annum payable on December 15th of each year. On December 20, 1918, plaintiffs tendered to the president of the insurance company then holding the mortgage, and also to defendant's cashier, the sum of $4,444.54 in full payment and discharge of the mortgage. These tenders were sufficient in amount had the principal sum then been due. On December 27, 1918, a tender was made to defendant's cashier of $306.93 in full payment of the interest due on December 15, 1918. This tender was sufficient and should have been accepted. Interest on the amount thereof will not thereafter be allowed, but the tender of the amount of the principal of the mortgage before it became due would not affect the right of the defendant to thereafter collect interest thereon. Plaintiffs' counsel so concede as a matter of contract right but say:

"The only reason that defendant is deprived of interest is because of its wrongful conduct after such tender was made."

The fact that defendant, claiming there was a default in the payment of interest in that the tender thereof was insufficient, afterwards declared the principal sum also due and began foreclosure proceedings would not affect its right to collect the interest provided for in the note secured by the mortgage until it should be paid or a legal tender thereof made. *Anderson* v. *Smith*, 108 Mich. 69.

The decree will be modified to provide for payment by plaintiffs to defendant of interest due on December 27, 1918, $306.93; principal $4,150 and interest thereon from December 27, 1918, to date of payment. As the modification is substantial, appellant will recover costs of this appeal.