COSTER *against* DILWORTH and VOORHEES.

M. requested J. to procure a loan of money for the former, [*300] stipulating to pay J. 3 per cent. per month. J. accordingly borrowed the money of W. at legal interest, to secure which to W., M. gave his promissory note with an indorser. M. paid J. the 3 per cent. for his sole benefit. *Held*, that the note was not usurious.

ON error from the C. P. of New-York. The action below was assumpsit by Dilworth and Voorhees, indorsees against Coster, payee and indorser of a promissory note *made by Murgatroyd, for $240, dated October 22d, 1825. The defence was usury; and it appeared on the trial, that the note was a renewal of one made for the accommodation of Murgatroyd, to secure the money which one Johnson, at the request of Murgatroyd, procured of one Wendell at lawful interest; but Murgatroyd agreed to pay Johnson 3 per cent. a month, which had been done, and he put the 3 per cent. into his own pocket. The question of fact, at the trial, was, whether Johnson was employed by Murgatroyd as his agent, or was a principal, procuring the money on his own account, and lending it to Murgatroyd. Murgatroyd, Johnson and Wendell were all examined as to this question before the jury, to whom the court below referred the question upon the evidence of these witnesses, stating it to be simply, whether Johnson was the agent or principal. If the former, and the 3 per cent. was given to him for extraordinary services, as such, and did not form a part of the interest taken by Wendell, the note was not usurious. Otherwise, if Johnson was principal, himself discounting the note, though the money was obtained by him

from another. In the former case, they should find for the plaintiffs below; otherwise for the defendant. The defendant below excepted. Verdict for the plaintiffs below.

*E. Bennett* and *H. Maxwell,* for the plaintiff in error, cited 3 John. Cas. 66, 206; 2 id. 60; 15 John. Rep. 44, 355; 17 id. 176; Cowp. 770, 796; Doug. 235; 8 Mass. Rep. 135; 19 John. Rep. 294.

*Joseph Willis,* contra, cited 11 East. 43; 2 Campb. 33; Holt's N. P. Cas. 256.

*Curia, per* SAVAGE, Ch. Justice. The proper question was put to the jury, whose verdict cannot be reviewed here as to the weight of evidence. They have negatived the fact set up by the defendant below, that Johnson was a principal; which leaves the case much like that of *Dagnall* v. *Wigley,* (11 East, 43.) In that case, a bill of exchange, *procured like the note now in question, was held not to be usurious, upon the ground that the person advancing the money received no more than legal interest, the person receiving more, a broker, being the drawers' own agent.