## DUBOSE v. PARKER.

1. P lent D a sum of money, taking his note for the payment; at the same time a parol agreement was entered into by the parties, that the borrower should pay the State tax on the loan, which was one fourth of one per cent. Held, that P was entitled to recover eight per cent. on the loan, and that the contract was not on its face usurious.

Error to the County Court of Monroe.

THE facts sufficiently appear in the opinion of the court.

Dubose v. Parker.

T. & J. WILLIAMS, for plaintiff in error.

CHILTON, J.—1. The question in this case is, whether a note for the principal amount borrowed, and lawful interest, is rendered usurious by an independent, but contemporaneous parol contract, that the borrower should pay the State tax on the loan, which was one fourth of one per cent. We cannot intend that the legislature, by the enactment of the revenue law, designed to diminish the rate of interest to which the lender was entitled. If we arrive at a different conclusion from the ordinary effect of the law upon the lender, by parity of reasoning the law would be designed to diminish the salaries of officers which are taxed, whose compensation by the constitution "shall not be diminished during their continuance in office." Besides, such a construction would render the rate of interest different as applied to different contracts; for example, if there be a loan of money, the rate per cent. for one year would be eight per cent., less one fourth of one per cent., whereas if a horse had been sold for that sum, and the note for the price had been due one year, the interest would be eight per cent. We think it clear the legislature intended to make no such distinction.

2. The fact that the agreement to pay the tax by the. borrower, was not incorporated in the note, which is for the money loaned and the legal interest, does not, in my judgment, at all affect the question of usury. If the agreement was contemporaneously made to pay the tax, it was a part of the contract, although not evidenced by the writing. Merrills v. Law, 9 Cow. Rep. 65; Scott v. Baber, last term.

3. Aside from what I conceive to be a just construction of the revenue laws of the State, it seems to me the agreement in this case would not render the contract usurious. "While it is true," as stated by Lord Mansfield, "that if the transaction is a real loan of money, the wit of man cannot find a shift to take it out of the statute." Floyer v. Edwards, Cowp. Rep. 112. Still, the rule should not be so stringently applied as to embrace cases not coming within

the mischief which it was designed to remedy. The law has deemed it wise and just to permit the lender to realize as profit eight per cent. per annum for the loan of his funds. By the contract in question, he receives no more. The payment of the tax upon the loan, is not very dissimilar from the payment of expenses for conveyances, which are usually borne by the borrower. Hine v. Handy, 1 Johns. Ch. Rep. 6. Mr. Comyn states the rule, "when trouble, or expense, or inconvenience is sustained by the party advancing the money, the law allows of a reasonable compensation for this, in addition to the interest becoming due." Comyn on Usury, 160.

In Ely v. McClung, 4 Por. Rep. 128, it is held there must exist the intention to commit usury. See also Knox v. Goodwin, 25 Wend. Rep. 643; Planters' Bank v. Snodgrass, 4 How. (Miss.) Rep. 573. So, where a note being put in suit, was renewed, the debtor paying two and a half per cent. as a fee to the plaintiff's attorney and the cost, held not usurious. Simmons v. The Union Bank, 3 S. & M. 781. See also Coster v. Dilworth, 8 Cow. Rep. 299. We cannot, in the case before us, see any condition imposed oppressive to the debtor, nor any intention to evade the law against usury. Lloyd v. Scott, 4 Peters's Rep. 205.

Let the judgment be affirmed.