. No. 6013.

### A. A. MANDAL vs. HEIRS OF PETER C. MANDAL.

To succeed in such a suit the plaintiffs should adduce the strongest proof, which they failed to do. They make grave charges of fraud, involving the crime of perjury, against their deceased father, while they have furnished evidence only of his admissions and declarations made to single individuals, which are justly deemed the weakest kind of evidence. The will which he is alleged to have made for the purpose of compensating the plaintiffs contains no intrinsic evidence of such purpose other than the quantum given to them, which is not inconsistent with some other hypothesis, while the record presents solemn judicial proceedings and admissions, including a sworn statement of the mother's estate, on the part of the father, which are irreconcilable with the theory of the plaintiffs, and which can not be overcome by the isolated declarations and the presumptions relied on by them.

Fraud must be proved; it can not be presumed. The delicate, sacred relation of parent and children should impose upon the latter the greatest caution in assailing the honor of the former, and deter them from the attempt, unless they have the positive proof at hand to sustain them and are impelled thereto by the stern behests of justice.

APPEAL from the Second District Court, parish of Orleans. *Tissot,* J. *Hornor & Benedict,* for plaintiffs and appellants. *H. N. Ogden,* for defendants and appellees.

HOWELL, J. The plaintiff instituted a suit for the partition between

Mandal vs. Heirs of Mandal.

himself, his two brothers of the full blood, and a brother and sister of the half blood, of all the property embraced in the inventory of their deceased father's succession. The partition was ordered, and subsequently this plaintiff and his two brothers of full blood, represented by their tutor, filed a petition alleging that their father, in the proceeding to inventory the property belonging to the community which existed between him and their mother, his first wife, wrongfully and fraudulently omitted from said inventory a very large portion of said community property, which they believe to have consisted of money, stocks, bonds, and other evidences of debt readily converted into money, with the design and for the purpose of protecting his real estate from the mortgage created by law in their favor; that after closing the succession of their mother and after his second marriage their father admitted and expressly declared that he had so acted, and made his will bequeathing to them all the disposable portion of his property in order to make up to them, in some part, the money and property which he had fraudulently withheld from the first community; and they prayed that they be declared owners of one half of all the property standing in the name of their father at the date of his death, as the sole heirs of their mother, and that the other half be divided equally between the children of both marriages.

Mrs. Barlow, tutrix of her two Mandal children, excepted that the claim of plaintiffs, if it ever existed, has been concluded and lost by the various judgments rendered in the matter of the succession of Peter C. Mandal, in the matter of the succession of Emma Green, first wife of P. C. Mandal, and in the partition suit instituted by A. A. Mandal, one of those petitioners, from which no appeal has been taken, and thus forming *res judicata*. And for answer she pleads a general denial. From a judgment in favor of the defendant, dismissing the action, the plaintiffs appealed.

To succeed in such a suit the plaintiffs should adduce the strongest proof, which, we agree with the district judge, they failed to do. They make grave charges of fraud, involving the crime of perjury, against their deceased father, while they have furnished evidence only of his own admissions and declarations made to single individuals, which are justly deemed the weakest kind of evidence. The will which it is alleged he made for the purpose of compensating the plaintiffs contains no intrinsic evidence of such purpose, other than the quantum given to them, which is not inconsistent with some other hypothesis, while the record presents solemn judicial proceedings and admissions, including a sworn statement of the mother's estate, on the part of the father, which are wholly irreconcilable with the theory of the plaintiffs, and which can not be overcome by the isolated declarations and the presumptions relied on by,

them. Fraud must be proven; it can not be presumed. The delicate, sacred relation of parent and children should impose upon the latter the greatest caution in assailing the honor of the former, and deter them from the attempt, unless they have the positive proof at hand to sustain them and are impelled thereto by the stern behests of justice.

Judgment affirmed.