114 133
27a 128
114 133
41a 27

## ALVIN KIDDER

### *v.*

## G. A. VANDERSLOOT.

*Filed at Ottawa May 15, 1885.*

1. ALLEGATIONS AND PROOFS—*in chancery.* The rule in equity is, that the proofs must correspond with the allegations of the bill, and be responsive thereto. But a variance not substantial will not be fatal.

2. So where a party, to secure a loan of $2500, conveyed to the lender eighty acres of land as a security, taking back a written agreement for a reconveyance on payment of the principal, and $270 for each year of the credit given, but it was alleged in the bill to foreclose that the mortgagor was to pay $250 a year as rent for the land, and the taxes thereon, and it appeared that $20 of the yearly payment was for the payment of the taxes, and $250 for interest, it was *held*, that there was no substantial variance.

3. PAROL EVIDENCE—*to change terms of written agreement.* The general rule that parol evidence is not admissible to change the terms of a written contract, has its exceptions, as, in respect to the consideration expressed in notes and conveyances. Such evidence is also admissible where usury is pleaded, regardless of the form the transaction may have in the writings executed by the parties.

4. USURY—*agreement to pay taxes on land mortgaged, in addition to interest.* A person borrowed $2500 on several years' time, and to secure its payment, with interest, conveyed to the lender eighty acres of land, taking back a written contract for a reconveyance on payment of the principal and ten per cent interest annually, that rate being the highest then allowed by law to be contracted for, with $20 yearly for taxes on the land, making $270 annually, and the proof showed that only $250 was in fact paid as interest, and that on payment of that sum, and producing a receipt for the taxes of such year, he was credited with $270. It was *held*, the transaction was not usurious, and that the $20 was but a guaranty for the payment of the taxes, which were chargeable against the mortgagee by reason of the legal title being in him.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. JACK & MOORE, for the appellant:

Parol evidence was not admissible to explain the contract, and show that the interest was in fact but $250 per year, and the other $20 as a security for the payment of the taxes. This court has often held that an absolute, written promise can not be shown by parol to be contingent. *Fay* v. *Black-stone,* 31 Ill. 538; *Walker* v. *Crawford,* 56 id. 444; *Andrews* v. *Mann,* 92 id. 40.

A contract can not rest partly in writing and partly in parol. *Fire Ins. Co.* v. *Webster,* 69 Ill. 392; *Snyder* v. *Gris-wold,* 37 id. 216.

The result is, that the borrower had agreed to pay $270 per annum for the use of $2500 loaned to him for five years, which was about eleven per cent per annum. Thus it will be seen the transaction was usurious.

Messrs. WINTER & PRINCE, for the appellee:

In determining the question of usury, the intention of the parties should govern, without regard to the form of the contract. *Cooper* v. *Nook,* 27 Ill. 301.

The instrument was offered in defence by appellant, and relied upon as proof of usury, in connection with the receipts. We explained, as we had the right to do, the real considera-tion of the contract, and the actual amount of money received under it. We prayed for general and specific relief. The scope of our bill warranted, under the general and specific prayer for relief, the decree found by the court. *Curyea* v. *Berry,* 84 Ill. 600; *Stanley* v. *Valentine,* 79 id. 544.

Parol evidence is always admissible to show what was the real consideration of a written instrument. *Morris* v. *Tillson,* 81 Ill. 607; *Huebsch* v. *Scheel,* id. 281; *Wolf* v. *Fletemeyer,* 83 id. 418; *Primm* v. *Legg,* 67 id. 500.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

On the 6th day of March, 1874, George Kidder borrowed of G. A. Vandersloot $2500. To secure the payment of the money, Kidder conveyed to Vandersloot a certain tract of land, consisting of eighty acres, in Knox county. At the same time Vandersloot gave Kidder a contract, in writing, by the terms of which he agreed to convey the land to Kidder providing the latter paid $2500 March 6, 1879, $270 March 6, 1875, and the same amount on March 6, 1876, 1877, 1878 and 1879. Vandersloot treated the deed and the contract as a mortgage, and Kidder, the mortgagor, having died, this bill was brought, against the heirs of Kidder, to foreclose the mortgage. In the answer, the defendants set up as a defence, usury, and payment. But the court, on the hearing, upon the pleadings and evidence, rendered a decree for the amount claimed in the bill. Alvin Kidder, one of the defendants, appealed.

In the bill the complainant alleged the execution and delivery of the deed from Kidder to himself, and averred that the deed was a mortgage; that a contract was executed at the same time, and as a part of the same transaction, by which Kidder, the mortgagor, agreed to pay $250 annually, as rent. When the contract was produced on the trial of the cause, it provided for the payment of $270, and not $250, as alleged, and it is contended that there was a fatal variance between the bill and the evidence. The practice in causes in equity is well settled that the proofs must be responsive to the allegations in the bill. But while we fully recognize and adhere to the general rule, we do not regard the variance here, as to the amount, a material one. (See *Breckenridge* v. *Ostrom*, 79 Ill. 71.) Besides, the allegation was not merely that $250 was to be paid, but it was that $250 was to be paid and also that Kidder further agreed to pay the taxes on the land. Now, while the written contract, on its face, shows that $270 was to be paid annually, it turns out, from the evidence, that $20 of

this amount was to cover the taxes on the land, and the balance ($250) was to be paid as interest for the money loaned. The substance of the transaction was, as alleged in the bill, that Kidder was to pay $250 annually, and the taxes, and when due consideration is given to all the evidence bearing on the question, we can not say that there was a substantial variance between the allegations and proofs.

It is also urged that the court erred in admitting parol evidence to change or vary the terms of the written contract, which provided for the annual payment of $270. The general rule is, as claimed, that parol evidence is not admissible to change the terms of a written contract. But this rule has its exceptions. A promissory note, which is a written contract, may upon its face show a valid consideration for the promise to pay money, and yet parol evidence is admissible to show a want of consideration. Parol evidence may be admitted to prove the consideration of a deed different from that expressed in the instrument. Other examples might be given where the general rule may be varied, but it is unnecessary. Here usury was pleaded, and parol evidence has always been allowed in such cases, regardless of the form the transaction may assume in the writings executed by the parties.

It is also claimed that the court erred in not finding the transaction usurious. The amount loaned was $2500. At the time of the loan ten per cent, where the parties agreed upon that amount, was a legal rate of interest. The complainant had the right, therefore, to contract for and receive $250 interest, annually, on the loan.

But it is insisted that the agreement which complainant delivered to Kidder provided for the payment of $270 annually, and that this contract rendered the transaction usurious. It was not proven that more than $250 annually, was ever actually paid. On the other hand, the proof is positive that at the end of the second year only $250 was paid as the interest for that year, and as to the other two years in which

the interest was paid, the evidence preponderates in favor of that amount, and no more, having been paid. George H. Littlewood was present when the contract was made between complainant and Kidder for the loan, and drew the papers for the parties. He testified that the money was loaned at ten per cent, and that was all that was to be paid as interest,— that the $20 was added for the taxes on the land each year. The land had been conveyed to complainant, and he held the legal title, and would be liable, of course, for the taxes, unless Kidder saw proper to pay them. In order to guard against loss on this account the taxes on the land were estimated at $20 each year, and this amount Kidder agreed to pay. The agreement was merely this: Kidder agreed to pay ten per cent interest on the money loaned,—amounting to $250,— and also agreed to pay the taxes annually assessed on the land. Suppose, in lieu of giving a deed and taking a contract for a reconveyance, Kidder had given a note, and mortgage on the land to secure it, and in the note and mortgage agreed to pay $250 annually, as interest, and also all taxes on the land, estimated at $20, such a contract would not be regarded usurious,—and there is no difference in principle between the case supposed and the facts presented by this record. The $20 was inserted in the contract as a guaranty that the taxes would be paid, and when Kidder produced satisfactory evidence that the taxes had been paid, and paid the $250 due as interest, the $270 was receipted on the contract. The fact that the interest to be paid each year was only $250, was proven by a number of witnesses who had talked with Kidder in his lifetime, and he admitted to them that he had borrowed from complainant $2500, and was paying that amount of interest, and that he owned the land, and had to pay the taxes each year, amounting to some $20.

We think the transaction free from usury, and the decision of the Appellate Court will be affirmed.

*Decree affirmed.*