# Richmond.

## MEEM v. DULANEY & AL.

January 28th, 1892.*

1. USURY—*Case at bar.*—Borrower of money in 1876, agreed by his bond to pay lender six per cent. per annum, and by a separate instrument, to indemnify him for any taxes the state might impose on his bond;
HELD:
    The transaction was usurious. Acts 1874, ch. 122, § 5.
2. IDEM—*Measure of relief.*—In such case borrower is entitled to be relieved from payment of all save the principal, and to have all payments made on account of interest, deducted from the principal.
3. IDEM—*Recovery of money paid.*—Neither the doctrine that money paid on an illegal contract cannot be recovered back, nor the doctrine of the application of payments, applies to cases of money paid on usurious contracts.
4. IDEM.—*Issue.*—Where the bill charges that the debt was usurious and prays that the sale of land whereon it is secured, be enjoined, and that the usury be passed on by a jury, and the amount actually due ascertained by the court, and no discovery is asked for, it is the duty of the court to direct the issues to be made up and tried by the jury. Code 1873, ch. 137, § 12.

Appeal from decree of circuit court of Shenandoah county, rendered April 12th, 1888, in the cause whereon the appellant, Gilbert S. Meem, was complainant and Henry G. Dulaney, Jr., was defendant. Opinion states the case.

*Holmes Conrad & E. C. Burks*, for appellant.

*Brooke & Scott, J. S. Lemmon* and *William J. Robertson*, for appellee.

*Original opinion delivered March 28th, 1890, and adhered to.

FAUNTLEROY, J., delivered the opinion of the court.

A transcript of the record of the said cause discloses the following case :

The petitioner, Meem, borrowed from Henry Grafton Dulaney, Jr., $50,000 on the 4th day of May, 1876, and $10,000 on the 15th day of January, 1879, and executed two deeds of trust conveying to J. S. Lemmon a tract of some 1,200 acres of valuable land in Shenandoah county, Virginia, in trust to secure the payment of the said loans, and "the performance and observance of the covenants, agreements and conditions hereinafter mentioned to be performed and observed by the said Gilbert S. Meem."

For the said loan of $50,000 Meem executed and delivered to the said Dulaney his bond for $50,000, dated May 1st, 1876, to be paid ten years after date, and twenty other bonds, bearing the same dates for $1,500 each, for the semi-annual instalments of interest, at six per centum per annum, to accrue on the bond for $50,000 during the ten years of its currency.

For the said loan of $10,000, Meem executed and delivered to the said Dulaney his certain other bonds for $10,000, dated 15th of January, 1879, and six other bonds for $300 each, for the semi-annual instalments of interest at six per centum per annum, to accrue upon the bond for $10,000 during its currency.

At the time that the loan of the $50,000 was made, Dulaney had that money invested in six per cent. non-taxable bonds of the United States, and did not desire to change the investment. Meem was solicitous and urgent to secure the loan, and he represented that he was then carrying a large floating indebtedness, bearing interest at ten per cent., and, could this loan be effected, he would be relieved from this heavy burden, and he promised that he would indemnify and save harmless the said Dulaney against all loss from a change of investment. To this end and for this purpose, Meem proposed to

execute to Dulaney, and did execute an indemnifying bond, as follows, viz:

" Whereas Henry G. Dulaney, Jr., at my request and for my personal accommodation, has this day loaned me on my lands in Shenandoah county, Virginia, the sum of $50,000 for the term of ten years, from May 1st, 1876, at six per cent. interest per annum; and whereas the said Dulaney, for the purpose of making said loan, has been compelled to sell certain non-taxable bonds of the United States; and whereas the said Dulaney may be by the state of Virginia taxed upon the invest-ment by him in my bonds, made as a loan to me as aforesaid; now, therefore, this agreement witnesseth that I, Gilbert S. Meem, for myself, my heirs, personal representatives and assigns, do hereby covenant and agree to and with the said H. G. Dulaney, Jr., his personal representatives and assigns, to save and to keep him harmless from any taxes and assessments to be made or imposed by the state of Virginia upon my bonds aforesaid, and to pay all such taxes and assessments, as and when legally demurrable. Witness my hand and seal this first day of May, A. D. 1876.

GILBERT S. MEEM. [Seal.]"

After the aforesaid loans were made, and as early as May 1st, 1878, and time and again thereafter Meem made default in the payment of interest upon his bonds; but Dulaney fore-bore to sell under the deeds of trust, for more than ten years. When, in 1887, the loans being long overdue, the trustee, J. S. Lemmon, advertised to sell the real estate conveyed in the deeds of trust, at public auction, on the 8th day of December, 1887.

Meem applied for and obtained an injunction to prevent the sale, on the ground alleged in his bill, that the said sums of $50,000 and $10,000 borrowed as aforesaid, were borrowed at usurious interest. The injunction was awarded according to the prayer of the bill, that the parties be enjoined from adver-

tising and making sale of the property; that an account be taken of the amounts paid by complainant to Dulaney, and complainant be allowed proper credits therefor: and that all such further and general relief, &c.

The defendants demurred and answered to the bill, denying the charge of usury; and, on the 26th of January, 1888, a decree was entered directing a jury to be impanneled to try the issues, whether the two loans were or were not upon a usurious consideration. At the April term, 1888, of the circuit court of Shenandoah county, a jury was impanneled, and issues were made up under the 12th section of chapter 137, Code of Virginia, 1873, and submitted to the jury to find whether or no the transactions were usurious, as charged in the bill. The jury found that both the said loans were usurious; whereupon the court, by a decree entered the 11th day of April, 1888, in the cause, determined and adjudged that Gilbert S. Meem, the complainant, was entitled to relief upon the loans made to him by Dulaney, *only* to the extent of the excess of interest actually paid by him over and above the legal interest of six per cent., the same consisting of the payments made by Meem for state taxes on the bonds aforesaid; and that the said excess should be credited upon the *principal* of the said loans; and the balance of the principal found due to bear interest from the date of the decree." A master was directed to take and report an account in furtherance of the view expressed in the decree forthwith. On the following day, the 12th day of April, 1888, the master returned his report and account, together with three alternate statements made out at the instance of the complainant, Meem, as exceptions to the said first report and account. The court by its final decree confirmed the said report of the master and his account stated, overruled the exceptions of the complainant, and gave Dulaney judgment for $57,749.37, to bear interest from the date of the decree. The first of the three alternate statements showed a balance due to Dulaney of $26,404.13, by deducting the whole

of the interest paid to Dulaney by Meem. The second alternate statement showed the balance so due to be $25,804.13, by deducting in addition to the interest which had been paid the commissions paid by Meem to the brokers who had negotiated the loans; and the third alternate statement showed a balance due of $25,614.13, by deducting in addition to the deductions made in the second alternate statement, the attorneys' fees which had been paid by Meem for investigating the title, &c.

The defendant excepted to the ruling of the court in refusing certain instructions asked for by them upon the trial of the issues, and in refusing to set aside the verdict and award a new trial.

The appellant, Meem, assigns as error in the decree appealed from, the *measure* of relief which it prescribes to complainant on the usurious contracts; and because of the rejection of those alternate statements of the master which applied to the debt the credits to which Meem was entitled under the statute, and confirmation of the report which was constructed upon the erroneous principle laid down by the court.

The bill simply charges that the debt, evidenced by the bonds, is usurious in its inception, and prays to restrain the sale of the land conveyed in the deeds of trust to secure payment, and to have the amount of the debt, actually and legally due, ascertained by the court, and the usury in the transaction to be passed upon by the jury upon the issues which the statute requires to be made up and tried. It is not, in any sense, a bill for discovery, nor an ordinary bill in equity, asking relief upon equitable principles. It is framed under section 12 of chapter 137, Code of 1873, and asks only the procedure and the relief therein prescribed. Upon the facts stated, it was the duty of the court to order the issues and have them tried by a jury. The statute is (section 12): "Upon a bill requiring no discovery of the defendant, but praying an injunction to prevent the sale of property conveyed to secure

the repayment of a sum of money or other thing borrowed at usurious interest, the court shall cause an issue to be made and tried at its bar, by a jury, whether or no the transaction be usurious. On the trial of such issue neither the bill nor the answer shall be given in evidence. If the jury find the transaction usurious, then the same relief shall be given as if the the party claiming under the conveyance had resorted to the court to make his claim available. But the court may grant new trials as in other cases."

The jury in this case had before them all the correspondence, the bonds, the agreement for paying the state taxes, the deeds and the testimony of the parties; and they found that the loans were usurious in their inception. Dulaney, in his answer, denies the usury; but he states facts which the law of Viginia enacts shall constitute usury. The court did not err in overruling the demurrer to the bill, nor in refusing to set the verdict aside. Both the loans were found by the jury to be tainted with usury, and the evidence and the receipts given to Meem for the state taxes paid by him and received by Dulaney, fully sustain the usury in the whole transaction. The statute of Virginia, Acts of 1874, chapter 122, section 5, provides : " All contracts and assurances made directly for the loan or forbearance of money, or other thing, at a greater rate of interest than is allowed by the preceding section (six per centum per annum) shall be deemed to be for an illegal consideration as to the excess *beyond the principal amount so loaned or forborne.*" The *contract of loan* between Meem and Dulaney was for a greater rate of interest than six per centum per annum, though the face of the bonds given for principal and interest do not on their face say so ; and was for an illegal consideration, and void as to everything beyond the principal sum loaned. The principal of the debt, and some of the interest thereon, due by Meem to Dulaney, remained unpaid, and the relief to which Meem is entitled under the law is to have all the payments made by him for interest, on the transaction, credited on the

principal sum borrowed by him from Dulaney. The rule that, where a contract for an illegal consideration has been voluntarily performed, a party who has paid money under it cannot recover it back, has no applicability to usurious transactions. *Moseley* v. *Brown*, 76 Va. (Hansbrough), 419–424. Nor has the doctrine of "*Application of Payments*" any application in this case. It is of the essence of this doctrine that there must be more than one debt to which the debtor has the voluntary opportunity or choice to direct his payments to be applied. Here there was but one debt—the interest—to which Meem could apply payments; the *principal* was not due. In *Moseley* v. *Brown*, *supra*, Judge Burks, quoting from an opinion of Judge Strong, of Pennsylvania, says: "That the payment of usurious interest is not a voluntary payment, in any such sense as to entitle the receiver to retain the sum paid above legal interest, is too well settled to admit of doubt. The money is paid under the constraint of a formal, though illegal, contract. That contract itself was obtained by oppression, by taking advantage of the necessities of the borrower, and, of consequence, so was the usurious interest paid under it."

In the case of *Turner* v. *Turner*, 80 Va. (Hansbrough) 383, this court, speaking by Judge Hinton, says: "There is this well-settled, recognized exception to the rule that the creditor may apply where the debtor does not, that the creditor has no right to apply the money paid to him to the satisfaction of what does not nor ever did constitute any legal or equitable demand against the party making the payment"—citing 2 Chitty on Contracts, 1114.

The debtor having made such an application to an illegal demand for usury, is permitted, at the common law and by the statute, to sue for and recover from the creditor the money so paid. In the case of *Harris* v. *Bressler*, decided by the Supreme Court of Illinois (N. E. Rep., Vol. X, No. 2, page 188), it was held, usury being established, that all payments should be treated, whether for usury or otherwise, as so much

paid on the principal of the debt.   See the case of *Norvell* v. *Hedrick*, 1 West. Va. 525.

The instructions seem to require no discussion.  Those given by the court were substantially and, indeed, almost literally, identical with those asked for by the defendants; and, with the slight modifications made by the court, they correctly expound the law applicable to the facts of the case.

The circuit court did err in the measure of relief accorded to the complainant by its decree of the 12th of April, 1888, and by adopting and confirming the report and account stated by the master instead of the first alternate statement, which applied to the principal debt due by Meem to Dulaney all the payments made by Meem on account of interest; and this court will enter here such decree as the circuit court ought to have entered in the cause as the law was on the date of the decree, April 12th, 1888.

The decree complained of is erroneous, and it must be reversed and annulled.

LEWIS, P., and RICHARDSON, J., *dissented.*

DECREE REVERSED.