ROBERT LASSMAN v. TOLLEF JACOBSON and Another.[1]

March 20, 1914.

Nos. 18,520—(298.)

Usury.

     A loan for which the borrower paid the maximum interest and in addition paid the mortgage registry tax upon the mortgage given to secure the same *held* not usurious.

Action in the district court for Cass county to recover $454.50. The facts are stated in the opinion. The case was tried before Wright, J., who made findings and ordered judgment for $419.50 in favor of plaintiff. From the judgment entered pursuant to the order for judgment, defendants appealed. Reversed.

[1] Reported in 146 N. W. 350.

*Constant Larson* and *Gunderson & Leach,* for appellants.
*Fred W. Smith,* for respondent.

HOLT, J.

This suit is by a borrower against the lenders to recover the amount of an alleged usurious loan which the borrower was compelled to pay to an innocent holder of the debt and security. To pass on the question presented this will be a sufficient statement of the facts: In December, 1909, plaintiff borrowed from defendants $350 to be repaid within five years, with 10 per cent interest payable semi-annually. To secure the loan plaintiff gave mortgages on land in Beltrami county and agreed to pay, and did pay, the mortgage registry tax of $2.50 and the recording fee of like amount. After the loan was made defendants assigned the main part thereof to an innocent good-faith purchaser. Thereafter plaintiff paid the debt. No point is made that part of the debt was not assigned but was paid to defendants direct. The court below held the transaction usurious and gave plaintiff judgment for the full amount paid, being the entire loan. Defendants appeal from the judgment.

There was no finding that in the agreement there was any corrupt intent to violate or evade the usury law. And that, perhaps, is unimportant since there was no misunderstanding or mistake concerning the amount to be paid. The parties must be held to know that the stipulated interest was the maximum allowed by law, and hence if the recording fee or the mortgage registry tax agreed to be paid by plaintiff is to be considered as something received by the defendants for the loan of the money, the contract was as a matter of law tainted with usury.

The test of a usurious contract is: Will its performance result in producing to the lender a greater return for the use of the amount loaned than is allowed by law, and was that result intended? Smith v. Parsons, 55 Minn. 520, 57 N. W. 311. Expenses incident to making the loan and furnishing the lender satisfactory security for its repayment can in no sense be considered compensation for the use of the money loaned. Therefore it is generally held that any sum paid by the borrower towards the reasonable and legitimate

disbursements made by the lender in investigating the physical and legal value of the security offered and also in placing it in lawful form to protect the lender is not to be considered in determining whether the contract is tainted with usury. Daley v. Minnesota L. & Inv. Co. 43 Minn. 517, 45 N. W. 1100; Smith v. Wolf, 55 Iowa, 555, 8 N. W. 429; Goodwin v. Bishop, 145 Ill. 421, 34 N. E. 47; Webb, Usury, § 323, and cases therein cited. In Stein v. Swensen, 46 Minn. 360, 365, 49 N. W. 55, 24 Am. St. 234, it is said: "But, as usury consists in taking or contracting for a greater rate than the law permits for forbearance of money, it must be apparent that, if the taking or contracting be for something else than forbearance, —than for the use of the money—it is not usury." This would exclude from consideration all necessary and reasonable disbursements incidental to placing the security agreed to be given in legal shape.

As we understand the record neither the court below nor the counsel for plaintiff believed that any usury taint inhered in the borrower's agreement to pay $2.50 for recording the mortgages. This is virtually conceded to be an expense, incident to furnishing the security, which the lender may require the borrower to bear without thereby being held to have increased the stipulated interest or profit for the use or forbearance of the money loaned. American Mortgage Co. v. Woodward, 83 S. C. 521, 65 S. E. 739, considers the fee for recording the mortgage not to bear on the question of usury.

It is difficult to see why the $2.50 paid as mortgage registry tax does not stand on the same basis. Defendants had the perfect right to receive legal security on land for the repayment of the loan. They could obtain no protecting, enforceable security on land unless a real estate mortgage thereof is duly recorded. And it cannot be recorded until the mortgage registry tax is first paid. But it is contended that by the payment of the mortgage registry tax the lender is relieved of the obligation to pay personal property tax on the money or credit represented by the loan. But we think this a mere incident flowing out of the payment by the borrower of a necessary expense connected with the giving of a real estate mortgage and which expense has not by law been placed upon the lender. It is said the security belongs to the mortgagee and he should pay the tax thereon. This

is true, but he is under no obligation to accept it or make the loan until he receives a valid, enforceable mortgage, and it is not such until the tax is paid and it is recorded. A recorded security is not thereafter subject to tax.

We think the right of plaintiff to prevail in this action must depend entirely upon finding in the mortgage registry act some provision which imposes a duty or obligation upon the mortgagee to pay this tax, or which forbids the lender from saddling this necessary expense connected with real estate security upon the borrower, for as before stated there is no finding here of any corrupt intent to violate the usury statute. There is in chapter 328, p. 448, Laws 1907, no command to pay the registry tax or record the mortgage, and, of course, no penalty against failure to do either. The mortgagee is under no legal obligation to pay the tax. He may, if he choose, omit to record the mortgage. The legislature was undoubtedly intent on securing revenue from this source, but evidently assumed that there was sufficient inducement to accomplish the desired result in the provision that the mortgage could not be recorded, legally enforced, or used as evidence, unless the tax was paid by someone. G. S. 1913, § 2307. We may assume that the legislature was aware of the practice of money lenders to place the expenses connected with a secured loan upon the borrower. If therefore there had been any intention to shield the mortgagor from the burden of the registry tax, we should expect to find apt language indicative of such intent in the statute. But it is absolutely silent upon that point. So it is in regard to the payment of the tax on executory contracts for the sale and conveyance of land. This tax is neither a charge against a person, nor against the security. It is not a tax upon the debt, but it becomes such upon the real estate security when any one desires to record it or use it for some legal purpose. Mutual Benefit Life Ins. Co. v. County of Martin, 104 Minn. 179, 116 N. W. 572. That we are unable to spell out any intention from the mortgage registry tax law to place the legal obligation upon either party to a mortgage, or to an executory contract for the sale of land, to pay this tax is sufficiently indicated in Mason v. Fichner, 120 Minn. 185, 139 N. W. 485, and First State Bank of Boyd v. Hayden, 121 Minn. 45,

140 N. W. 132. Some one must pay the tax and unless that it done there is no usable, valid or enforceable mortgage or contract. We therefore conclude that there was no intention to legislate as to who should bear the burden of the mortgage registry tax, a necessary expense connected with the giving of valid real estate security, but the parties are free to contract with reference thereto without thereby affecting the question of usury.

These cases relied on by the plaintiff depended upon statutes which unequivocally imposed the duty upon the lender to pay taxes which by the loan contract he required the borrower to pay in addition to the highest legal interest: Green v. Grant, 134 Mich. 462, 96 N. W. 583; Van Der Velde v. Wilson, 176 Mich. 185, 142 N. W. 553; Norris v. W. C. Belcher Land Mtg. Co. 98 Tex. 176, 82 S. W. 500, 83 S. W. 799; and Meem v. Dulaney, 88 Va. 674, 14 S. E. 363. For that reason we do not regard them of great weight as precedents under the reading of our registry tax law. Dubose v. Parker, 13 Ala. 779, and Banks v. McClellan, 24 Md. 62, 87 Am. Dec. 594, are to the contrary, and more than support the position we have taken. The court in the former says: "The payment of the tax upon the loan, is not very dissimilar from the payment of expenses for conveyances which are usually borne by the borrower." A case very similar on the facts, and under a statute like our own in declaring real estate securities subject to tax but omitting to specify who is to bear the burden, is Moore v. Lindsay, 61 Misc. Rep. 176, 179, 114 N. Y. Supp. 684. With reference to the omission alluded to the court says: "These omissions are very significant and may properly be considered in construing the enactment. It has been an almost immemorial practice for a mortgagor to bear all the expenses incurred in searching of the title to premises mortgaged by him, including the fee for recording the mortgage; and it has been held that, where a party loaning money to another is put to trouble and expense in procuring it, a charge for such trouble and expense will not be deemed an act of usury." And referring to the contention there made, as here, that the mortgagee by exacting payment of the registry tax from the mortgagor secures exemption from payment of the tax he otherwise would have to pay on the money loaned or on the credit arising to him there-

from, the court proceeds: "If the defendant's contention be sound, a nonresident mortgagee might with impunity exact payment of the recording tax from a mortgagor, since in his case it may be assumed that no advantage could come to him by virtue of the exemption provided for in the act; whereas a resident mortgagee under similar circumstances would *ipso facto* be subjected to the penalties of an usurious agreement. We may also suppose the case of a resident having his money invested in nontaxable securities, which he has converted into cash for the purpose of making the mortgage loan. Would any advantage be derived by the mortgagee in such a case by reason of the exemption clause? There is not the slightest evidence that the plaintiff would necessarily obtain any advantage by reason of the exemption above referred to. A mere possible, incidental, or indirect advantage that he might derive will not taint the transaction."

Our usury statute is drastic. The present case illustrates this where the entire expense for a real estate loan of $350 for five years is only five dollars. Nevertheless, if plaintiff's agreement to pay this trifling amount is a violation of the law it forfeits the whole loan. Such results ought not to flow from a statute which is silent or doubtful as to whose is the obligation to pay the tax in question.

The judgment is reversed.

BROWN, C. J. (dissenting.)

I am unable to concur in the views of the court in this case and therefore dissent. Usury is the taking of greater compensation for the loan of money than that allowed by law, namely, interest at the rate of 10 per cent. per annum. If a greater rate be intentionally taken the law pronounces the transaction usurious, without further inquiry into the motives of the parties. The corrupt intent sometimes said to be necessary to a violation of the statute arises by implication of law from the fact that an excessive rate of interest is intentionally reserved by the contract. No evidence of a corrupt bargain, or of an intention to violate the statute need be produced. The sole question is, Does the contract intentionally reserve to the lender excessive compensation for the loan? In the case at bar the borrower was required to pay for the loan the highest legal rate of interest and in addition

thereto the expense of recording the mortgage securing the loan, and also the mortgage registry tax. In my opinion this rendered the transaction usurious, at least as respects the payment of the registry tax. It was clearly the intention of the legislature in the enactment of the mortgage-tax statute that the tax so imposed should be paid by the mortgagee, and by requiring as a condition of the loan the payment thereof by the mortgagor the mortgagee thereby exacted greater compensation for the loan than allowed by the law, and the contract was usurious and void. Green v. Grant, 134 Mich. 462, 96 N. W. 583; Van Der Velde v. Wilson, 176 Mich. 185, 142 N. W. 553; Norris v. W. C. Belcher Land Mtg. Co. 98 Tex. 176, 82 S. W. 500, 83 S. W. 799; Meem v. Dulaney, 88 Va. 674, 14 S. E. 363; 39 Cyc. 984.

HALLAM, J.

I concur in the conclusion of the Chief Justice.