## ENFORCEMENT OF THE STATUTE AGAINST OPERATORS OF DEVICES FOR COLLECTION OF USURIOUS INTEREST.

Common Pleas Court of Cuyahoga County.

### FINANCE CO. VS. GAMPERLING ET AL.

Decided December 2, 1926.

*Usury—Practices of Some Small Loan Compannies—Adverse to Conscience and Contrary to Public Policy—Fees Wrongfully Exacted from Borrower—Credited By the Court on the Loan.*

Where a loan company requires a borrower of $132.50 to take out life insurance, the premium of which is $100 and the agents of the company who are also interested in the insurance agency retain 80 per cent. of the insurance premium, the practice constitutes usury and the borrower will be credited on the loan with the amount of the insurance premium retained by the agent.

*A. W. Lowenthal* for plaintiff.
*John Milton Costello* of *Clarke & Costello,* for defendant.

EASTMAN, J.

The petition alleges that the plaintiff is an Ohio corporation, duly organized and doing business under the loan laws of the state of Ohio.

For the first cause of action it is claimed that there is due from Albert M. and Eva A. Gamperling the sum of $105 with 8 per cent. interest from December 7, 1924, as the balance due on a promissory note. A copy of a note dated December 7, 1923, for $250 due one year from date, payable to the order of the Wintner Plan Finance Company at its offices in Cleveland, Ohio, to be paid in weekly installments of $5 for fifty weeks, commencing seven days after date is set forth in the petition and a warrant of attorney and waivers of appeal and error and all rights that might otherwise accrue by delay are parts of said note. The note bears interest at 8 per cent. after maturity.

The second cause of action sets forth the execution of a mortgage on real estate owned by the Gamperlings to secure the payment of the note, set forth in the first cause

of action, and the recording of said mortgage. Other lien holders are named and the prayer requests that all be required to answer, that personal judgment be given, and that foreclosure and other equitable relief may be had.

The Gamperlings answer challenging the claim of the plaintiff, demanding strict proof and setting up a claim of usurious practice on the part of the plaintiff in requiring them to pay $100 insurance premium on a life policy on the life of A. M. Gamperling as a part of the same transaction in obtaining a small loan; that they actually received from the plaintiff $118 in cash; that the plaintiff's agents and the insurance agents who wrote the insurance policy were the same persons; that the agents actually paid to the life insurance company $20 and returned $80 as commission; that the defendants have already paid $211 on said loan and then defendants pray for the dismissal of plaintiff's action.

Decrees were entered in favor of the other lien holders by consent and the case went to trial on the issue made by the answer of the Gamperlings.

The testimony of Paul Wintner, president of the plaintiff company, shows that the plaintiff was a corporation, and the Wintner Insurance Agency was a partnership composed of Paul Wintner and his brother; that both the company and the partnership occupied the same offices; that both of the brothers were active and interested in the plaintiff company; that the company had two systems of loans, one by which the borrower was required to take a policy of life insurance, the premium of which was $100 in addition to the amount of cash desired and to pay interest at the rate of 8 per cent. per annum, and the other by which he was required to pay 3 per cent. per month on a chattel loan on the amount actually received; that the defendants elected to take the insurance plan; that the Gamperlings signed a note for $250 payable $5 a week; that the Gamperlings were paid $132 in cash, were charged $17.50 interest in advance and that $100 was paid by the company to the agency for the life insurance premium and

that the agency retained $80 of this amount and forwarded $20 to the insurance company which issued the policy.

It clearly appears that this transaction is tainted with usury in the exaction of $17.50 advance interest since it is over 13 per cent. on the $132.50 actually paid over to the Gamperlings. And when the $100 exacted for an insurance premium is considered in the matter of making the small loan, the case smacks of rather strenuous profiteering. It amounts to undue advantage in favor of the plaintiff and cannot be tolerated in a court of equity.

See Case 283,873, Cleveland Municipal Court, where the same company was plaintiff and Walter Sledz et al. were defendants, a similar conclusion was reached.

See also Case No. 227,962, common pleas of this county, where the same company was plaintiff and Albert Gauvreau was defendant, where a similar finding and judgment was entered on the basis of the money actually received.

In the instant case, I have considered the $20 paid to the Columbus Mutual as money actually received because Gamperling got some benefit from that.

Wintner testified that $96.82 remains unpaid on said loan. I therefore charged his company the $80 taken as commission out of the insurance money and the adjudication not being further insisted, did not count out to a nicety the surplus interest, but granted the plaintiff a judgment and decree for the balance $16.82. The interest on the $80 probably should have been counted from the beginning and credited on the claim but because it was not insisted upon and Gamperling did not act wisely in executing such a contract it was permitted to pass. Such contracts should not have any standing in court because they are unconscionable and against public policy.

I have given some attention to the following named authorities: 39 Cyc., 1054; 27 R. C. L., 212; 21 A. L. R., 318, citing 192 Fed., 412; 146 N. W., 350; 135 N. Y. S., 532; 4 Ohio N. P., 363; 21 L. R. A., 812-816; 27 R. C. L., 231; 53 L. R. A., 462; 39 Cyc., 984; 25 N. J. Eq., 418, and others. It is needless to cite others or comment further. This contract was adverse to conscience and against public policy.