# Kinard *v.* Hill, *et al.*

*Action for Penalty for Failure to Satisfy Record of Mortgage.*

(Dcided Nov. 14, 1907.   45 So. Rep. 60.)

(Rehearing denied Dec. 19, 1907.)

1. *Mortgages; Construction; Pleading.*—Although a mortgage on land provides that the mortgagor shall pay the recording fee the mortgagor is not liable for the fee for recording the mortgage in a county in which the land was not situated, there being no necessity for the mortgage to be there recorded.

2. *Same; Satisfaction.*—Before a mortgagor is entitled to recover the penalty for failure, after notice, to enter payment or satisfaction of the mortgage on the margin of the record, he must show that the mortgage has been fully paid, and if the mortgage provides for a payment by him of the recording fee he must show a payment of the fee.

APPEAL from Bibb Circuit Court.

. Heard before Hon. B. M. MILLER.

Action by J. G. Hill and another against J. E. Kinard. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.                •

Action by J. G. and O. D. Hill against J. E. Kinard to recover the statutory penalty for failure to enter satisfaction in full on the margin of the record of a mortgage after notice and payment.   There was judgment for plaintiffs, and defendant appeals.

The mortgage provided for the payment of the recording fee by the mortgagor.   It was on land, and was recorded in two counties, the land being only in one county, and the mortgagee attempted to show that the recording fee in Bibb county had not been paid.   Objection was sustained to this testimony.   The mortgagee was permitted to show that the Tuscaloosa county re-

[Kinard v. Hill, et al.]

cording fee had not been paid. The other facts are sufficiently stated in the opinion.

LOGAN & FULLER, and LAVENDER & THOMPSON, for appellant. The recording fee had not been paid and the mortgage provided that the mortgagor should pay such fee.—*Smith v. Banks,* 42 South. 551. The averment that no suit was pending to test the right of the mortgagee to the property as provided in section 1065, Code 1896, was material and should have been proven.

JOHN T. ELLISON, and DANIEL COLLIER, for appellee.

SIMPSON, J.—This was a suit brought for the statutoury penalty for failure to enter satisfaction of a mortgage, after payment and notice, the suit being by the appellees against the appellant. The mortgage, though made in Bibb county, covered only lands in Tuscaloosa county, and was recorded in both counties, which fact was indorsed on the mortgage.

The only proper place to record said mortgage was in Tuscaloosa county; consequently, all questions with regard to the payment of the recording fee in Bibb county were irrelevant. The mortgagor was not liable for the fee for recording in Bibb county.

The questions with regard to the manner of proving the notice, and the transcript of the mortgage, need not be considered, as the defendant acknowledged having received the notice, and also produced the original mortgage.

The mortgage provided that the mortgagor should pay for recording the same, and, in order to recover in this action, it was necessary for the plaintiff to prove, not only that the debt had been paid, but also that the recording fee had been paid.—*Smith et al. v. Bank of Enterprise,* 148 Ala. 501, 42 South. 551.

[Brock v. Desmond & Co., et al.]

Not only. is there no proof that the recording fee in Tuscaloosa county has been paid, but, on the contrary, the evidence is undisputed that the said recording fee has not been paid. ·Consequently, the plaintiff was not entitled to recover, and the general affirmative charge requested by the defendant should have been given. The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

Tyson, C. J., and Anderson and Denson, JJ., concur.