### ROBERTSON BANKING CO. v. CHAMBERLAIN.

(Circuit Court of Appeals, Fifth Circuit. January 4, 1916. Rehearing Denied February 7, 1916.)

No. 2739.

1. BANKRUPTCY ⬅461—REVIEW OF PROCEEDINGS—APPEALS—TIME FOR TAKING APPEAL.

Under Bankr. Act July 1, 1898, c. 541, § 25a, 30 Stat. 553 (Comp. St. 1913, § 9609), requiring appeals in bankruptcy proceedings to be taken within 10 days after the judgment appealed from is rendered, where the petition for an appeal accompanied by an assignment of errors was filed in the District Court within 10 days from the date of the decree and was promptly presented to a judge having authority to allow the appeal, the allowance of the appeal three days after such presentation and after the expiration of the 10 days related back to the date of the application, and the appeal was taken in time.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 920–923; Dec. Dig. ⬅461.]

2. USURY ⬅60—USURIOUS CONTRACTS AND TRANSACTIONS—STIPULATIONS AS TO PAYMENT OF TAXES.

Code Ala. 1907, § 2082, subd. 7, provides that no mortgage on real or personal property to secure the payment of any debt shall be received for record unless a privilege tax equal to 15 cents on each $100 or portion thereof has been paid upon such instrument before it shall be offered for record, such taxes to be paid by the lender. Held, that a provision in a mortgage that such privilege tax shall be paid by the mortgagor does not render the contract usurious, as such an agreement does not enable the mortgagee to get more than legal interest.

[Ed. Note.—For other cases, see Usury, Cent. Dig. § 133; Dec. Dig. ⬅60.]

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Southern District of Alabama; Harry T. Toulmin, Judge.

Proceeding between the Robertson Banking Company and Marshall E. Chamberlain. From a decree, the Banking Company appeals. Reversed and remanded.

E. W. Pettus, of Selma, Ala. (Pettus, Fuller & Lapsley, of Selma, Ala., on the brief), for appellant.

George Pegram, of Faunsdale, Ala., for appellee.

Before PARDEE and WALKER, Circuit Judges, and FOSTER, District Judge.

WALKER, Circuit Judge. [1] The appeal is not subject to be dismissed because the order allowing it was made more than 10 days after the making and filing of the decree. The petition for an appeal, accompanied by an assignment of errors, was filed in the District Court within 10 days from the date of the decree, and was promptly presented to a judge having authority to allow the appeal. This was a presentation to the court which made the decree of the application for an appeal within the time allowed by the statute; and the order allowing the appeal, which was made on the third day after such presentation, has relation back to the date of the application therefor. Bankruptcy Act, § 25a; Farrar v. Churchill, 135 U. S. 609, 612, 10 Sup. Ct. 771, 34 L. Ed. 246; Credit Co. v. Arkansas Central Ry. Co., 128 U. S. 258, 9 Sup. Ct. 107, 32 L. Ed. 448; 3 Foster's Federal Practice (4th Ed.) § 508.

[2] It is apparent that the features of the decree appealed from of which complaint is made were largely due to the conclusion stated by the district judge in the opinion he rendered that the provision in the mortgage to the appellant for the payment by the mortgagors of the privilege tax required by the statute of Alabama (Code of Alabama 1907, § 2082, subd. 7) to be paid before such an instrument is received for record rendered the mortgage contract usurious, with the result of depriving the mortgagee of the benefits which accrue to a bona fide purchaser. That statute provides as follows:

"No mortgage, deed of trust, contract of conditional sales, or other instrument in the nature of a mortgage, which is given to secure the payment of any debt which such mortgage, deed of trust, contract of conditional sale, or other instruments of like character, shall be executed so as to convey real property or any interest in real property or personal property which is situated within this state, shall be received for record unless the following privilege taxes shall have been paid upon such instrument before the same shall be offered for record, to wit: Upon all such instruments which are executed to secure any indebtedness which shall not exceed one hundred dollars, there shall be paid the sum of fifteen cents, and upon all such instruments, which shall be executed to secure an indebtedness of more than one hundred dollars there shall be paid the sum of fifteen cents for each one hundred dollars of said indebtedness or portion thereof, which is secured by said mortgage, * * * to be paid for by the lender."

The provision quoted is a revenue measure. Nothing in its terms indicates a purpose to deal with the subjects of interest and usury, which are governed by statutes previously enacted. Code of Alabama

of 1907, §§ 4619–4625. The Alabama decisions establish the proposition that there is nothing in the last-mentioned statutes which has the effect of rendering a mortgage or other contract for the loan or forbearance of money usurious because of the presence in it of a provision requiring the borrower to make outlays required to avoid risks or for services incident to making the mortgage or other instrument evidencing the debt an effective security to the lender for the amount of the loan and no more than legal interest thereon. Dubose v. Parker, 13 Ala. 779; Van Beil v. Fordney, 79 Ala. 76; Harmon v. Lehman, Durr & Co., 85 Ala. 379, 5 South. 197, 2 L. R. A. 589; Rapier v. Gulf City Co., 77 Ala. 126; Smith v. Bank of Enterprise, 148 Ala. 501, 42 South. 552; Kinard v. Hill, 154 Ala. 632, 45 South. 60. In the case of Dubose v. Parker, supra, the question presented was whether a note for the principal amount borrowed, and lawful interest, was rendered usurious by an independent but contemporaneous parol contract that the borrower should pay the state tax on the loan, which was one-fourth of 1 per cent. The court gave a negative answer to the question. In the course of the opinion it was said:

"The law has deemed it wise * * * to permit the lender to realize as profit 8 per cent. per annum for the loan of his funds. By the contract in question, he receives no more. The payment of the tax upon the loan is not very dissimilar from the payment of expenses for conveyances, which are usually borne by the borrower."

This reasoning is applicable to the case at bar. A result of the statute in question is to make the payment of the tax it imposes a prerequisite to the mortgagee having the benefit which results from the recording of his mortgage. A failure to record the mortgage subjects the interest acquired by the mortgagee to loss or impairment resulting from conveyances subsequently executed by the mortgagor or from the enforcement of liens upon the mortgagor's property otherwise subsequently attaching. So far as the mortgagee is concerned, the effect of recording his mortgage is to make it a better security than it would be if this precaution was omitted. It does not enable him to get more than legal interest. The payment of the tax is an incident to making the mortgage accomplish its authorized purpose of securing to the lender the amount of the loan and legal interest thereon. The presence in the statute in question of its concluding words, "to be paid for by the lender," does not make this case materially different from that of Dubose v. Parker. Evidently the state tax on the loan which was under consideration in that case was leviable against the lender, and, in the absence of a contract otherwise providing, was payable by him. The court was of opinion that this was not enough to require giving to the borrower's agreement to pay that tax the effect of making the loan contract a usurious one. The statute now under consideration does not forbid the making of an agreement by a mortgagor to pay the tax required to be paid before the mortgage is offered for record. As above suggested, there is nothing in that statute to indicate that it was any part of its purpose to deal with the subject of usury. We think that we would be withholding from the ruling made in Dubose v. Parker, supra, the weight which should be accorded to it by

us in considering the very similar question arising in this case under another Alabama statute if we failed to hold that the agreement of the mortgagors to pay the tax provided for by that statute did not have the effect of making the mortgage contract usurious.

It is apparent that the decree appealed from would have been materially different from what it is if the district judge had not entertained the view, expressed in the opinion he rendered, that the mortgage to the appellant was infected with usury. The conclusion is that that decree was erroneous.

It is reversed, and the cause is remanded for further proceedings not inconsistent with the conclusion above stated.