## FLOR v. JANDREW.

(Circuit Court of Appeals, Fifth Circuit. November 26, 1926.)

No. 4892.

1. **Time** ⬅️10(9)—**Sunday excluded in computing time for appeal (Bankruptcy Act, §§ 25a, 31 [Comp. St. §§ 9609, 9615]).**

Petition for appeal from order in bankruptcy proceeding, filed the eleventh day after entry of the order, the tenth day being Sunday, *held* timely, under Bankruptcy Act, §§ 25a, 31 (Comp. St. §§ 9609, 9615).

2. **Bankruptcy** ⬅️461—**Order allowing appeal held to relate back to date petition for appeal was filed.**

Order allowing appeal, not entered until four days after filing of petition for appeal on eleventh day after entry of order appealed from, *held* to relate back to date petition was filed.

3. **Bankruptcy** ⬅️312—**Creditor's acceptance of preferred stock in settlement of claim, induced by false representations, held not to preclude allowance of claim in bankruptcy, based on·original debt.**

Creditor's acceptance of preferred stock of debtor corporation in settlement of claim, in-

duced by false representations that other creditors had done likewise, and his retention and voting of such stock, and attempted sale without knowledge of falsity of the representations made, *held* not to warrant rejection of claim in bankruptcy, based on original debt.

**4. Bankruptcy ⊜⟹312—Creditor of bankrupt has right to rely, without investigation, on representations that other creditors are accepting preferred stock in satisfaction of claims.**

Creditor of bankrupt, offered preferred stock of debtor in settlement of claim, has right to rely, without investigation, on representations that other creditors have also agreed to accept such stock.

**5. Contracts ⊜⟹94(1)—Fraud vitiates any contract.**

Fraud will vitiate any contract into which it enters.

Appeal from the District Court of the United States for the Northern District of Texas; Edward R. Meek, Judge.

In matter of the bankruptcy of the Tenison Bros. Saddlery Company; H. A. Jandrew, trustee. From an order disallowing the claim of Edward Flor, he appeals. Reversed, and cause remanded.

Geo. M. Conner, of Fort Worth, Tex. (James & Conner, of Fort Worth, on the brief), for appellant.

Webster Atwell, of Dallas, Tex., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. Edward Flor, appellant, filed his claim against the bankrupt estate of Tenison Bros. Saddlery Company. The claim was evidenced by the bankrupt's notes, executed in the years 1921 and 1922, for principal amounts aggregating $15,943.68; but proof of it was opposed by the trustee in bankruptcy on the ground that Flor had accepted stock of the corporation in settlement and satisfaction of the notes.

In 1923 the saddlery company notified Flor that his soliciting agent, James, in 1922, had accepted $5,000 of its common stock and $1,000 of its preferred stock in reduction of its indebtedness. Flor had not received the stock, and replied that James had no authority to accept it, and while negotiations for its acceptance were pending the saddlery company represented that it had devised a plan of reorganization, which contemplated that all creditors would accept at par its first preferred stock in satisfaction of their debts. Later the saddlery company represented that all its creditors had agreed to accept in full

settlement its preferred stock, except one, and it had agreed to settle upon the payment of one-third of the face of its claim. Particularly it represented that the Albany Tanning Company, a large creditor, had taken stock in full settlement. Upon the basis of these representations, and believing them to be true, Flor agreed to accept $3,000 in cash and the balance in stock in full settlement of his claim. The company sent a certificate representing $12,000 in first preferred stock and two notes for $1,000 each, which Flor received and kept, but he did not deliver up the original notes.

The statement that the Albany Tanning Company had accepted stock was false, as was also the further statement that all the other creditors had. The claims of creditors who had not accepted stock and entered into the reorganization plan aggregated approximately $28,000. There was some evidence tending to show that Flor subsequently sought to sell some of the stock accepted by James, and also some of the first preferred stock; that he gave a proxy to vote some of the stock, and requested payment of the two $1,000 notes. But it is undisputed that during the period covered by these purported transactions Flor had no knowledge of the falsity of the representations which had been made to him in 1923 concerning the acceptance by the Albany Tanning Company and other creditors of the plan of reorganization. He testified that he believed and relied on such representations.

Upon this evidence the referee allowed his claim; but it was disallowed by an order of the District Judge, and from that order Flor appeals.

[1, 2] The order appealed from was entered May 20, 1926. The petition for appeal was filed May 31, 11 days thereafter, the tenth day falling on Sunday, and the order allowing the appeal was not entered until June 4. The trustee takes the position that, as the petition for appeal was not filed within 10 days, as required by section 25a of the Bankruptcy Act (Comp. St. § 9609), and as the appeal was allowed more than 10 days after the entry of the order rejecting appellant's claim, the appeal should be dismissed. Under section 31 of the Bankruptcy Act (Comp. St. § 9615), the tenth day falling on Sunday, the petition for appeal was in time, though not filed until the eleventh day. Grafton v. Meikleham, 246 F. 737, 159 C. C. A. 39. It is immaterial that the order allowing the appeal was not entered within 10 days, as when it was entered it related back to the date the petition was

filed. Robertson Banking Co. v. Chamberlain, 228 F. 500, 143 C. C. A. 82.

[3] It may be assumed that the acts of appellant in retaining possession of the stock and ·in attempting to sell some of it, if he did, and in sending a proxy to vote the common stock, amounted to an acceptance of the bankrupt's offer to give stock and notes in satisfaction of his claim. If there was such acceptance, it was made under a misapprehension of fact, and was induced by a reliance upon the bankrupt's false representations.

[4, 5] Appellant had a right to rely on these representations, and was not bound to make inquiry and ascertain that they were true. Fraud vitiates any contract, and it would be inequitable and unjust to deprive appellant of the right to share in the assets of the bankrupt estate, while permitting the creditors he was told by the bankrupt were included in the reorganization plan to participate in the distribution of such assets.

The order is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.